# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2186 | **DATE** | March 5, 2012 |
| **CASE TITLE** | *Daniels v. Cook County* | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to change Mr. Winter's email address to gabewintner@gmail.com and ensure that he receives a copy of this order. Because Mr. Winter was appointed for settlement purposes only, he is granted leave to withdraw. The clerk is directed to add the contact information in Ms. Daniels' pro se appearance [Dkt. 3] to the docket and ensure that she receives a copy of this order via mail. Ms. Daniels must, by March 16, 2012, file a brief memorandum stating whether she wishes to pursue this case, explaining why she did not take any action since the failed efforts to resolve this case via settlement, and addressing why this case should be allowed to proceed. If she does not do so, the court will dismiss this action for want of prosecution.

■[ For further details see text below.]                                                                 Docketing to mail notice.

## STATEMENT

The magistrate judge recommended that this case be dismissed for want of prosecution. Mr. Winter was appointed for settlement purposes. He did not file a motion to withdraw. His contact information is thus listed on the docket, and Ms. Daniels' is not. In October of 2011, the court issued an order stating, "Attorney Gabriel Wintner [sic] is still listed as counsel of record for the plaintiff as he did not seek leave to withdraw following unsuccessful efforts to settle this matter. The plaintiff is not an e-filer. The docket does not indicate that she is receiving hard copies of orders along with Mr. Wintner. Thus, Mr. Wintner shall file a brief memorandum, by 10/21/2011, advising the court whether he forwarded notices of electronic filing he received in this case to the plaintiff and whether he continues to represent the plaintiff."

Mr. Winter did not file a memorandum as directed by the court. The clerk was eventually able to reach him and received an email stating:

> I am responding to your message of a few days ago asking me to relay to the court whether or not I was passing on information regarding filings in Daniel v. Cook County, case number 10-CV-02186, to the plaintiff, Celia Daniel, whom I represented under the Settlement Assistance Program for the limited purpose of settlement and whose case was since dismissed for lack of prosecution.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

# STATEMENT

> Unfortunately, I was not passing on such information. This is due in part to my own error in understanding that I no longer represented Ms. Daniel once J. Schenkier orally gave me permission to withdraw from representing her after we could not reach a settlement. I now realize that I needed to file a motion to withdraw, which I plan to do presently unless you instruct me not to do so. Unfortunately, that error was compounded because the e-mail address the court used exclusively to reach me, gwintner@nlaw.northwestern.edu, became defunct shortly after I believed my involvement in this case was ended. Thus not only was I not passing on the court's communications to Ms. Daniel, but I was also not receiving them myself. Please let me know how I may proceed. I may be reached at gabewintner@gmail.com . . .

Ms. Daniels has an ongoing obligation to monitor the status of her case. She has not done so. Nevertheless, she may have believed that the failure of counsel to withdraw meant that he was opting to continue to represent her. Because Mr. Winter was appointed for settlement purposes only, he is granted leave to withdraw. Ms. Daniels must, by March 16, 2012, file a brief memorandum stating whether she wishes to pursue this case and explaining why she did not take any action since the failed efforts to resolve this case via settlement. If she does not do so, the court will dismiss this action for want of prosecution.